Gants, C.J.
(concurring, with whom Gaziano and Budd, JJ., join). I agree with the court’s answer of “no” to the reported question to the extent that it declares that G. L. c. 209A does not independently authorize the police to effectuate a motor vehicle stop in order to serve notification of an abuse prevention order. I also agree that any such stop must comply with the requirements *397 of the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights. Ante at 393.1 write separately because I believe that a stop for the purpose of serving an abuse prevention order may be reasonable under the Fourth Amendment and art. 14 where the exigent circumstances fall short of the standard for an “emergency” under the “emergency aid” doctrine. See Commonwealth v. Peters, 453 Mass. 818, 819 (2009) (police may enter home without warrant “when they have an objectively reasonable basis to believe that there may be someone inside who is injured or in imminent danger of physical harm”).
The ultimate touchstone of both the Fourth Amendment and art. 14 is reasonableness. Commonwealth v. Rodriguez, 472 Mass. 767, 775 (2015). “[T]o evaluate the permissibility of particular law enforcement practices, including police stops of moving vehicles where there is no probable cause to suspect the vehicle’s involvement in criminal activity, courts have balanced the intrusiveness of the police activities at issue against any legitimate governmental interests that these activities serve.” Id. at 776, citing Delaware v. Prouse, 440 U.S. 648, 654 (1979). We deem it reasonable for a police officer to open the unlocked door of a stopped vehicle where the driver fails to respond to the officer’s repeated attempts to attract his or her attention and the driver appears to be in some kind of difficulty. See Commonwealth v. Leonard, 422 Mass. 504, 505, 509, cert. denied, 519 U.S. 877 (1996). We also deem it reasonable to allow officers under limited and defined circumstances to stop vehicles on roadways at fixed location sobriety checkpoints to ensure that motorists are not under the influence of alcohol or drugs. See Commonwealth v. McGeoghegan, 389 Mass. 137, 143-144 (1983). See also Michigan Dep’t of State Police v. Sitz, 496 U.S. 444, 455 (1990) (“the balance of the State’s interest in preventing drunken driving, the extent to which this system can reasonably be said to advance that interest, and the degree of intrusion upon individual motorists who are briefly stopped, weighs in favor of [sobriety checkpoints]”).
The need to protect ill, injured, or inebriated drivers, and to protect the public from them, is comparable to the need to protect the victims of domestic abuse who have obtained abuse prevention orders under G. L. c. 209A, § 4, by demonstrating a “substantial likelihood of immediate danger of abuse.” Domestic violence is a substantial threat to public safety. See Custody of Vaughn, 422 Mass. 590, 595 (1996) (“abuse by a family member *398 inflicted on those who are weaker and less able to defend themselves ... is a violation of the most basic human right, the most basic condition of civilized society: the right to live in physical security, free from the fear that brute force will determine the conditions of one’s daily life”). Last year, more than twenty domestic violence-related killings occurred in Massachusetts. See Jane Doe Inc., Overview of Domestic Violence Homicides in Massachusetts Year to Date 2016, http://www.janedoe.org/site/as sets/docs/Leam_More/DV_Homicide/2016_YTD_DV_Homicides -asof_2017_05_16.pdf [https://perma.cc/83KK-94XE].
The issuance of an abuse prevention order matters little if it is not served. General Laws c. 209A, § 7, recognizes the importance of service by requiring that an abuse prevention order issued be transmitted “forthwith” to the police for service upon the defendant and by requiring that police “promptly” make return of service to the court. See Commonwealth of Massachusetts Trial Court, Guidelines for Judicial Practice: Abuse Prevention Proceedings 91-92 (rev. Sept. 2011), http://www.mass.gov/courts/ docs/209a/guidelines-201 l.pdf [https://perma.cc/M9MV-8ZXZ] (“In-hand service should be obtained if at all possible.... Further abuse will not be deterred if the defendant does not know the order exists . . . [, and] successful prosecution for violation of an order of which the defendant is unaware is probably impossible”).
Service generally can be accomplished by the usual means, without any need to stop the defendant in a motor vehicle. But there are circumstances where service by the usual means proves futile or is plainly going to be futile, such as where the abusive partner has left his or her residence indefinitely, perhaps never to return, without any notice of where he or she can be reached and without any employment address where he or she can be found. Where service through the usual means has proved futile or is demonstrably futile, I would find it reasonable and therefore constitutional to stop the defendant’s vehicle in order to serve the order. The circumstances in this case fall well short of meeting that standard.